UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIS RUBEN AUGUSTUS HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>HEATHER SHIRLEY, JAMES CRONJAGER, and SCOTT DEGOUGH.,<br><br>Defendants. | Case No. 1:24-cv-00387-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 15)<br><br>ORDER GRANTING IN PART PLAINTIFF'S REQUEST TO SEAL<br><br>(Doc. No. 15-2) |

Pending before the Court is Plaintiff's Motion to Appoint Counsel and Brief in Support filed August 22, 2024. (Doc. Nos. 15, 15-1 "Motion"). Also contained within Plaintiff's Motion is a Request to Seal five exhibits totaling 183 pages, submitted with the Motion. (Doc. No. 15-2). Plaintiff, a prisoner, is proceeding pro se on his First Amended Complaint ("FAC") as screened. (Doc. Nos. 8, 10, 12). The FAC cognizably stated claims stemming from the alleged contamination of the drinking water at Wasco State Prison. The Court granted Plaintiff's application to proceed *in forma pauperis* in this action. (Doc. No. 6). Plaintiff seeks appointment of counsel on various grounds, including, *inter alia*, his indigent status, his inability to retain counsel, his lack of access to a law library after he is paroled, an attorney is better able to comply with the court's procedural rules, his belief his case raises complex issues, his belief that his case

is meritorious, and he is likely to prevail, he is "a mentally disabled veteran," and that he is "mentally impaired." (*See generally* Doc. No. 15).   For reasons set forth below, the Court grants in part Plaintiff's Request to Seal and denies the Motion to Appoint Counsel

## REQUEST TO SEAL

The Court turns first to Plaintiff's Request to Seal.  (Doc. No. 15-2).  Under Local Rule 141, "[u]pon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed."  L.R. 141(e)(2)(iii) (E.D. Cal. 2023).  There is a presumptive right of public access to court records based upon the common law and the first amendment.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002).  "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).).  "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure."  *Id*. at 1178-79.

The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice."  *United States v. Amodeo* (Amodeo II), 71 F.3d 1044, 1048 (2d Cir. 1995); *see also Valley Broad. Co. v. U.S. Dist. Court—D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."  *Kamakana*, 447 F.3d at 1178.  Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture."  *Id*. at 1179.  The court must then "conscientiously balance[ ] the competing

2

interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz*, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds "compelling reasons." *Oliner v. Kontrabecki*, 745 F.3d 1024, 2014 WL 1088254, at *1 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (amended opinion)). However, a less exacting "good cause" standard "applies to private materials unearthed during discovery," and to "previously sealed discovery attached to a nondispositive motion." *Id.* (citing *Pintos*, 605 F.3d at 678). Compelling reasons for sealing information exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

Here, Plaintiff seeks to seal five exhibits totaling 183 pages. In the accompanying Request to Seal, Plaintiff offers the following description and rationale in support of sealing as to each exhibit:

> 1) Exhibit 1 features Plaintiff's confidential military record[,] protected under the Privacy Act of 1974
>
> 2) Exhibit 1 features Plaintiff's Prison Mental Health records protected by client-physician privilege under Cal. State Law and CDCR T-15.
>
> 3) Exhibits 2-5 contain Plaintiff's 42 U.S.C. § 1983 and other confidential federal court information for cases currently pending/existing in this court.
>
> 4) Enclosed documents within the exhibits contain personal or privileged information and should not be disclosed discussed, or shared with individuals unless they have a direct need to know in the performance of their duties.

(Doc. No. 15-2 at 1). The Court addresses each exhibit in seriatim below.

1. Military Record (Page 1)[1]

Exhibit 1 includes a single page from Plaintiff's military records, a "Certificate of Release or Discharge From Active Duty." It includes Plaintiff's full social security number, his date of birth, but otherwise does not contain obviously sensitive personal information. Plaintiff cites the Privacy Act of 1974 in support of his request to seal but does not specify what provision of the Act supports his claim. (*Id.*). The Privacy Act provides remedies against federal agencies that improperly disclose or fail to properly maintain an individual's personal records and does not have any obvious bearing on whether a court may or must seal records voluntarily submitted by an individual to the court during litigation. *See generally* 5 U.S.C. § 552a et seq. Moreover, Plaintiff does not explain why his military record and his status as a veteran is relevant to the Motion to Appoint Counsel, nor is the relevance apparent from the single-page document itself. Finding the document has no relevance to the Motion before the Court, the Court denies Plaintiff's Request to Seal as to this Record. *See, e.g., Willis v. City of Bakersfield*, 2024 WL 1624113, at *8 (E.D. Cal. Apr. 15, 2024) (granting request to seal records for which Plaintiff demonstrated a basis for sealing and that were "material to the Court's ruling," but denying request as to those not relevant to the court's order).

2. Medical and Mental Health Records (Pages 2-62)

The remainder of Exhibit 1 contains various medical and mental health records spanning Plaintiff's time in CDCR custody. While medical and mental health records are not among the narrow category of records that are "traditionally kept secret," the Ninth Circuit in *Kamakana* noted that "sensitive personal information" and information that could be used for "scandalous or libelous" purposes met the compelling reasons standard for sealing. *Kamakana*, 447 F.3d at 1184; *see also Gary v. Unum Life Ins. Co. of Am.*, 2018 WL 1811470, at *3 (D. Or. Apr. 17, 2018). Numerous courts have specifically found that personal medical and mental health records warrant sealing, finding that the individual's privacy interests outweigh any public interest in disclosure. *See Gary*, 2018 WL at *3 (collecting cases).

---

[1] The Court refers to the page numbers in the digital copy of Plaintiff's supplemental exhibits provided by the Clerk of Court.

Here, it is apparent that the vast majority of Exhibit 1 contains sensitive personal information regarding his medical and mental health history, including diagnoses, medical prescriptions, appointment dates, and treatment notes. If made public, this information could be used for "scandalous or libelous" purposes. Thus, as to these documents, the Court finds that Plaintiff meets the compelling reasons standard and will order these documents sealed.

### 3. Unidentified Sexual Assault Complaint and Exhibits (Pages 63-95)

In Exhibit 2, Plaintiff includes a copy of a complaint alleging sexual assault and attempted rape by another inmate at Avenal State Prison. Based on a review of Plaintiff's pending matters in this district, the complaint does not appear to have been filed thus far in the Eastern District of California. Plaintiff refers to this complaint in passing in his Motion but does not explain the relevance of the Avenal State Prison complaint to the instant case, which involves allegations of contaminated water at Wasco State Prison, an entirely different CDCR facility. Plaintiff appears to cite this case as part of his global argument that his various pending or future cases collectively warrant appointment of counsel. (*See* Doc. No. 15 at 14). However, given that Plaintiff provides no indication the sexual assault case has been filed, and because it lacks any obvious relevance to this action, the Court will deny Plaintiff's Request to Seal as to these records. *See Willis*, 2024 WL 1624113, at *8.

### 4. Court Orders and Filings in Unrelated Case (Pages 96-154)

Exhibit 3 contains court orders and Plaintiff's filings in another open case in this district, E.D. Cal. Case No. 1:24-cv-00447-GSA (*Howard v. Rios et al.*), arising out of incidents that occurred at Pleasant Valley State Prison. Again, Plaintiff does not explain the relevance of these records to the Motion to Appoint counsel nor why they should be filed under seal, particularly given that they are already on the public docket for *Howard v. Rios*. Accordingly, the Court will deny Plaintiff's Request to Seal. *See Willis*, 2024 WL 1624113, at *8.

### 5. Declarations In Support of Plaintiff's Underlying Claims (Pages 155-63)

Exhibit 4 contains the declarations of Jason Lyle Maston, Plaintiff Karlis Rubens Augustus Howard, Ryan Sullivan, and Zachary Will Brenner. These declarations all pertain to the allegations at issue in Plaintiff's Complaint in this case, i.e. the failure to provide a safe source

of water to inmates at Wasco State Prison. Plaintiff cites these declarations in support for his assertion that he is likely to prevail on the merits of his claim. However, as discussed further below, it is too early in the litigation of Plaintiff's claims to determine his likelihood of success on the merits. Further, Plaintiff does not provide any reason why these records should be filed under seal, nor is there any obviously sensitive or personal information contained in the declarations that would establish compelling reasons to seal them. Accordingly, because Plaintiff has not met his burden to provide compelling reasons to seal these records the Court will deny Plaintiff's Request to Seal as to these records.

          6. <u>Miscellaneous Records</u> (Pages 164-83)

Finally, Exhibit 5 contains copies of Plaintiff's grievances and the institutional responses regarding his contaminated water claims, as well as a copy of a complaint submitted to the Department of General Services including allegations arising from incidents at Avenal State Prison, Pleasant Valley State Prison, and Wasco State Prison. These documents do not have any obvious relevance to the Motion to Appoint Counsel and Plaintiff provides no explanation as to why they should be filed under seal. Thus, the Court will deny the Request to Seal as to these records. *See Willis*, 2024 WL 1624113, at *8.

***Because the Court finds the majority of the documents are not relevant to Plaintiff's motion seeking appointment of counsel, but Plaintiff expresses concern about the documents being made public, the Court will direct the Clerk to return those documents deemed not relevant to Plaintiff as opposed to directing the clerk to file these documents unsealed on the record.***

**MOTION FOR APPOINTMENT OF COUNSEL**

The Court turns next to Plaintiff's Motion for Appointment of Counsel. (Doc. No. 15). The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. 817 (1996), did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent litigant to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint

counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances.*" Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). Nor does Plaintiff's purported lack of general knowledge of the law and/or how to litigate a case are normal challenges faced by *pro se* litigants and do not warrant appointment of counsel. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants."). Furthermore, Plaintiff's inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010). And although Plaintiff states he suffers from mental impairments, he does not explain how it affects his ability to prosecute this action. Indeed, a review of the pleadings filed by plaintiff to date show he can articulate his claims in this case. *See Brown v. Reif*, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1, 2019) (denying appointment of counsel where the plaintiff's filing demonstrate ability to properly litigate case despite mental illness). Furthermore, the Court only recently directed service of the FAC on defendants and no Discovery and Scheduling Order has not yet been entered. (*See* Doc. No. 13). Consequently, this case procedurally is at the earlier stages of litigation, so it is difficult for the Court to determine Plaintiff's likelihood of success on the

merits. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Reed v. Paramo*, 2020 WL 2767358, at *1 (S.D. Cal. May 28, 2020) (holding it was too early to determine plaintiff's likelihood of success on the merits because fact discovery had not been completed).

Accordingly, it is **ORDERED**:

1. Plaintiff's Request to Seal is **GRANTED IN PART** as to portions of Exhibit 1 of Plaintiff's supplemental exhibits. The Clerk of Court is directed to file under seal only Pages 2-62 of Plaintiff's supplemental exhibits and return the remaining pages from the exhibits to Plaintiff.
2. Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

Dated:     September 24, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE