UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIS RUBEN AUGUSTUS HOWARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. SHIRLEY, et al.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00387-HBK (PC)<br><br>ORDER REFERRING CASE TO EARLY ADR AND STAY OF CASE<br><br>DEADLINE TO OPT OUT DUE:<br><br>JULY 7, 2025 |

　　　　Plaintiff Karlis Ruben Augustus Howard is a former state prisoner proceeding pro se and *in forma pauperis* on his Second Amended Complaint ("SAC") brought pursuant to 42 U.S.C. § 1983. (Doc. No. 36). As set forth in the Court's March 5, 2025 Screening Order, Plaintiff's SAC stated only a cognizable Eighth Amendment conditions of confinement claim against Defendants DeGough, Shirley, and Cronjager, and state law claims against the same three individual Defendants for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Doc. No. 47). On April 3, 2025, Defendants filed an Answer to the SAC. (Doc. No. 48).

　　　　The Court refers all civil rights cases filed by pro se individuals to early Alternative Dispute Resolution (ADR) to try to resolve such cases more expeditiously and less expensively. *See also* Local Rule 270. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in early ADR. No claims, defenses, or objections are

1  waived by the parties' participation.

2  Attempting to resolve this matter early through settlement now would save the parties the
3  time and expense of engaging in lengthy and costly discovery and preparing substantive
4  dispositive motions.  The Court therefore will STAY this action for 90 DAYS to allow the parties
5  an opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement
6  discussions, or agree to participate in an early settlement conference conducted by a magistrate
7  judge.  If after investigating Plaintiff's claims and meeting and conferring, either party finds that a
8  settlement conference would be a waste of resources, the party may opt out of the early settlement
9  conference.

10  Accordingly, it is **ORDERED**:

11  1.  This action will remain **STAYED until further order** to allow the parties an
12  opportunity to settle their dispute.  The parties may not file any pleadings or motions during the
13  stay period.  Further, the parties shall not engage in formal discovery until the Court issues a
14  Scheduling and Discovery Order.

15  2.  **Within 90 days** from the date on this Order, or no later than July 7, 2025, the
16  parties shall file a notice if they object to proceeding to an early settlement conference or if they
17  believe that settlement is not currently achievable.

18  3.  If neither party has opted out of settlement by the expiration of the objection
19  period, the Court will assign this matter by separate Order to a United States Magistrate Judge,
20  other than the undersigned, for conducting the settlement conference.

21  4.  If the parties reach a settlement prior to the settlement conference, they SHALL
22  file a Notice of Settlement as required by Local Rule 160.

Dated:   April 4, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE